UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ORA BLAND, et al.,

    Plaintiffs,

v.

NEVADA DEPARTMENT OF TRANSPORTATION, et al.,

    Defendants.

Case No. 2:09-cv-00061-LDG (LRL)

**ORDER**

    The plaintiffs, Ora Bland, Estella Jimerson, and Stop the F Street Closure, LLC., sue the defendants, Nevada Department of Transportation (NDOT), Susan Martinovich (the director of NDOT), City of Las Vegas, and Oscar Goodman (the mayor of Las Vegas). In their Third Amended Complaint, the plaintiffs allege that NDOT permanently closed F Street on September 7, 2008. They bring claims against all defendants pursuant to Nevada's open meeting law, the Federal-Aid Highway Act (FAWA), the Fourteenth Amendment for violation of procedural due process and equal protection, Title VI of the Civil Rights Act of 1964, and the Fifth Amendment's Takings Clause. The plaintiffs allege an additional claim against NDOT and Martinovich pursuant to the National Environmental Policy Act (NEPA).

NDOT and Martinovich move for summary judgment arguing, *inter alia*, that the plaintiffs' claims are moot (#40). The plaintiffs oppose the motion (#46). Having considered the pleadings and the record, the Court agrees that this matter is moot.

Background

Prior to the widening of the I-15 freeway north of its interchange with U.S. Highway 95, F Street crossed under I-15 just north of that interchange. As part of the project to widen I-15, the bridges on I-15 that passed over F Street were removed and F Street was closed on either side of I-15 where it had previously crossed underneath the freeway. The plaintiffs allege that this permanent closure occurred on September 7, 2008.

The plaintiffs filed a complaint and a motion for preliminary injunction in state court on December 23, 2008, which was removed to federal court. In March 2009, the plaintiffs filed an amended motion for a preliminary injunction, which motion the defendants opposed.

In the first week of June 2009, the Nevada Legislature enacted A.B. 304 requiring Las Vegas to administer a funding framework for purposes of re-opening F Street to traffic under I-15. The legislation further requires NDOT to pay the costs of clearing the project to re-open F Street through the NEPA process, requires Las Vegas to expend $2.5 million to design the construction of the project to re-open F Street, requires NDOT to assist in funding any portion of the design cost exceeding $2.5 million, requires Las Vegas to provide $20 million to fund construction of the project to re-open F Street, and requires NDOT to work with Las Vegas to seek other sources of funding for construction of the project. The Nevada Legislature further required NDOT to designate the project to re-open F Street as a high priority project for any further funding.

Subsequent to the passage of A.B. 304, the plaintiffs moved to withdraw their amended motion for preliminary injunction on the ground of mootness. The Court granted

that motion, as well as the plaintiffs' motion to file a Third Amended Complaint, which Third Amended Complaint removed the plaintiffs' request for injunctive relief.

Analysis

NDOT and Martinovich argue, *inter alia*, that each of plaintiffs' claims became moot with the passage of A.B. 304. The plaintiffs oppose, arguing that a controversy remains because A.B. 304 does not guarantee the re-opening of F Street, and because a controversy remains over whether NDOT's existing practices and procedures comply with NEPA and other applicable laws.

At a minimum, A.B. 304 mandates that NDOT pay the costs of clearing the project to re-open F Street through the NEPA process. Each of Counts Two, Three, and Four rest upon the plaintiffs' allegations that the pertinent statute alleged in the count required the defendants to comply with certain procedural requirements, that the defendants did not comply with the requirements, and therefore the defendants should not be permitted to proceed with the permanent closure without complying with the provisions of the relevant statutes.

As F Street was closed prior to the filing of the original complaint, the plaintiffs' allegations make clear that the controversy underlying Counts Two, Three, and Four was whether the defendants could continue the closure of F Street without correcting the alleged deficiencies. A.B. 304, however, mandates that NDOT engage in the process of clearing the project to re-open F Street through the NEPA process, thereby removing any controversy whether NDOT would continue the closure of F Street without going through the NEPA process.

That these claims have become moot is, perhaps, best exemplified by (a) the plaintiffs' withdrawal of their motion for preliminary injunctive relief as moot on the basis that the passage of A.B. 304 required Las Vegas and NDOT "to immediately begin the process of reopening F Street," Docket #31 at 2, and (b) the plaintiffs' argument that "there

is still a controversy over whether NDOT's <u>existing</u> procedure is compliant with NEPA and other applicable laws." Opposition at 5 (emphasis added). The Third Amended Complaint, however, rests the plaintiffs' allegations that NDOT's <u>previous</u> practices and procedures (that is, those practices and procedures that NDOT followed prior to the closing of F Street) violated NEPA and other applicable laws. The controversy whether NDOT's practices and procedures preceding the initial closure of F Street violated the applicable statutes became moot when the Nevada Legislature mandated NDOT to clear the re-opening of F Street through the NEPA process. The plaintiffs further suggest that the outcome of this lawsuit impacts the re-opening by "possibly changing NDOT's existing practices." The suggestion is nothing more than an invitation for the Court to issue an advisory opinion. The Court is compelled to decline such an invitation, and will dismiss Counts Two, Three, and Four of the plaintiffs' Third Amended Complaint as moot.

  Dismissal of Counts Five, Six, and Seven is appropriate for similar reasons. Count Five alleges that the "permanent closure of F Street" deprived the plaintiffs of their right to procedural due process, as the defendants failed to provide adequate notice concerning the "permanent closure." Count Six alleges that the defendants violated the plaintiffs' right to equal protection as "[t]he permanent closure of F Street had a racially disproportionate impact on African Americans." Likewise, Count Seven rests upon the allegation that the permanent closure of F Street violated Title VI of the Civil Rights Act of 1964. As plaintiffs must concede, however, the legislature's passage of A.B. 304 establishes that F Street is not presently permanently closed, but is in the process of being reopened. The controversy arising from the permanent closure ended when the legislature decided and established, through A.B. 304, that F Street would not be permanently closed, but instead mandated that NDOT engage in the process of re-opening F Street. Even accepting the plaintiffs' premise that, at some time in the future, NDOT may decide to not re-open F Street only serves to indicate that a <u>present</u> controversy does not exist but that a <u>future</u>

controversy <u>might</u> arise between the parties.  As even plaintiffs must concede, NDOT may fulfill all of the conditions necessary for the reopening of F Street under A.B. 304.  More critically, at present, the plaintiffs can only speculate that NDOT will not fulfill all conditions necessary for the re-opening of F Street.

As Count One seeks declaratory relief based upon the claims underlying Counts Two through Seven, dismissal of Count One is also appropriate.

Therefore, for good cause shown,

THE COURT **ORDERS** that the Motion for Summary Judgment (#40) of the State of Nevada ex rel. its Department of Transportation and Susan Martinovich is GRANTED as each of plaintiffs' claims were rendered moot by the Nevada Legislature's passage of A.B. 304.

DATED this __18__ day of November, 2010.

_____
Lloyd D. George
United States District Judge